

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-26-2009

# Assem Abulkhair v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4744

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Assem Abulkhair v. Comm Social Security" (2009). *2009 Decisions.* Paper 391.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/391

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4744
_____

ASSEM ABULKHAIR,
                                                Appellant

v.

COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 07-0328)
District Judge: Honorable Katherine S. Hayden
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 9, 2009
Before:  MCKEE, HARDIMAN AND COWEN, Circuit Judges

(Opinion filed: October 26, 2009)

_____

OPINION
_____

PER CURIAM

       Pro se appellant Assem Abulkhair challenges the District Court's denial of his

motion to reinstate an appeal.  For the reasons below, we will vacate the District Court's

order and remand for further proceedings consistent with this opinion.

In 2002, Abulkhair filed an action in the United States District Court for the District of New Jersey for review of the Social Security Administration's ("SSA") Appeals Council's decision that he was ineligible for disability benefits. (D.N.J. Civ. A. No. 02-1220.) On March 21, 2003, Abulkhair and the Commissioner executed a consent order for remand of the case under the fourth sentence of 42 U.S.C. § 405(g). Two days later, the District Court entered a judgment that remanded the matter to the SSA and dismissed the case. On remand, an administrative law judge ("ALJ") held a supplemental hearing, and in 2004 the ALJ issued a new decision finding that Abulkhair was ineligible for benefits. Abulkhair sought review of that decision by the Appeals Council.[1] On May 25, 2007, the Appeals Council issued a final decision adopting the ALJ's 2004 decision.

Abulkhair then filed a new cause of action in the District Court seeking review of the May 25, 2007 Appeals Council's decision. (D.N.J. Civ. A. No. 07-3276.) However, on July 26, 2007, the District Court terminated the action because it was substantially related to Abulkhair's 2002 action. The July 26th order directed Abulkhair to seek reinstatement of his original appeal under Civil Action Number 02-1220.

Abulkhair did not appeal from the July 26th order, but on July 27, 2007, followed the District Court's directive by filing a pro se motion to reinstate his appeal under Civil

---

[1] While the ALJ's 2004 decision was pending before the Appeals Council, Abulkhair filed a motion to reopen the original cause of action, which the District Court denied on April 11, 2005.

Action Number 02-1220. Abulkhair retained counsel; however, his attorney withdrew on November 15, 2007. On November 30, 2007, the District Court held a hearing regarding Abulkhair's motion; Abulkhair did not attend the hearing, claiming that his attorney never told him about it. And on December 11, 2007, the District Court denied Abulkhair's request to reinstate his appeal. The order stated, in part, that the District Court "had previously denied such a reopening and that such denial was proper and that no basis exists for either a reopening or a reconsideration of the prior decision." The District Court further stated that it would not consider any additional submissions regarding the case.

Abulkhair now appeals from the December 11, 2007 order.

II.

We have jurisdiction to review the District Court's December 11th order under 28 U.S.C. § 1291.

The District Court's 2003 remand and dismissal of Abulkhair's appeal from the Appeals Council's 2002 decision was made pursuant to sentence four of 42 U.S.C. § 405(g). The remand thus "terminated the litigation with victory for [Abulkhair]," and the District Court relinquished jurisdiction. See Johnson v. Gonzales, 416 F.3d 205, 209 (3d Cir. 2005) (citing Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993)).

On remand, the ALJ held a new hearing and issued a new decision, which the Appeals Council adopted on May 25, 2007. Under 42 U.S.C. § 405(g) and regulations,

3

Abulkhair thus had sixty days after receiving notice of the decision to seek judicial review of the Appeals Council's decision.  See Flores v. Sullivan, 945 F.2d 109, 111 (5th Cir. 1991); 20 C.F.R. § 422.210(c).  Abulkhair filed a new civil action pursuant to Section 405(g) in the District Court on July 13, 2007, but the District Court terminated the case and ordered Abulkhair to file a motion to reinstate his 2002 appeal.[2]

Abulkhair followed the directive to file a motion to reinstate his appeal under Civil Action Number 02-1220.  However, despite its caption, the substance of Abulkhair's motion demonstrates that he was seeking review of the Appeals Council's 2007 decision—i.e., he was not attempting to get a "second bite at the apple."  See Turner v. Evers, 726 F.2d 112, 113 (3d Cir. 1984) (finding that the substance of the motion governs); see also Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) (stating the general rule that courts are to liberally construe pro se litigants' pleadings).  We thus conclude that the District Court should have construed Abulkhair's motion as seeking review of the 2007 decision rather than as a motion to reopen.  Accordingly, we will vacate the District Court's December 11, 2007 denial of Abulkhair's motion.

Further, we note that Abulkhair's July 27th filing was a timely appeal from the Appeals Council's May 25th decision.  The limitation period for seeking judicial review from the decision commenced when Abulkhair received notice of the Appeals Council's

---

[2]     The July 26th order is not before us and we make no decision as to whether it was proper.

4

decision, see Flores, 945 F.2d at 111; 20 C.F.R. § 422.210(c). The regulations establish a rebuttable conclusion that "the date of receipt of the notice of . . . the decision of the Appeals Council shall be presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). Because Abulkhair is thus presumed to have received notice of the Appeals Council's decision on May 30th, his July 27th filing is timely under Section 405(g).[3]

For the foregoing reasons, we will vacate the District Court's December 11, 2007 order and remand with instructions for the District Court to construe Abulkhair's July 27th submission as a new civil action filed under 42 U.S.C. § 405(g).

---

[3] Even if Abulkhair's July 27th filing was untimely under 42 U.S.C. § 405(g), we note that the time limitation is not jurisdictional and is subject to equitable tolling. See Fletcher v. Apfel, 210 F.3d 510, 513 (5th Cir. 2000); Bowen v. City of New York, 476 U.S. 467, 480 (1986).